**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

Supplier's City SA De CV,

Plaintiff,

vs.

EFTEC North America, LLC, et al.,

Defendants.

No. CV-06-2503-PHX-PGR

ORDER

Defendant EFTEC North America, LLC ("EFTEC") removed this action on October 19, 2006 solely on the basis of diversity of citizenship jurisdiction. Having reviewed EFTEC's Notice of Removal to determine if subject matter jurisdiction exists in this Court, the Court finds that the Notice of Removal is facially deficient because it fails to properly allege the existence of diversity of citizenship jurisdiction.[1]

> As the Supreme Court has long since, and repeatedly, made clear, [t]he established rule is that a plaintiff [or removing defendant], suing in federal court, must show in his pleading, affirmatively and distinctly,

[1] EFTEC is advised that the capitalization of the parties' names in the caption of the Notice of Removal violates LRCiv 7.1(a)(3).

> the existence of whatever is essential to federal jurisdiction, and, if he does not do so, the court, on having the defect called to its attention or on discovering the same, must dismiss [or remand] the case, unless the defect be corrected by amendment.

Smith v. McCullough, 270 U.S. 456, 459, 46 S.Ct. 338, 339 (1926); accord, Rilling v. Burlington Northern Railroad Co., 909 F.2d 399, 400 (9th Cir. 1990). EFTEC has not met its jurisdictional pleading burden because the Notice of Removal fails to affirmatively set forth the facts necessary for the Court to determine its citizenship.

The Notice of Removal fails to properly allege the citizenship of EFTEC inasmuch as it merely states that EFTEC "is a Michigan limited liability company with its principal place of business in Taylor, Michigan." This allegation is insufficient as a matter of law because a limited liability company is not treated as a corporation for purposes of determining whether diversity exists for purposes of § 1332. Johnson v. Columbia Properties Anchorage, LP, 437 F.3d 894, 899 (9th Cir. 2006) ("Notwithstanding LLCs' corporate traits, ... every circuit that has addressed the question treats them like partnerships for the purposes of diversity jurisdiction. ... We therefore join our sister circuits and hold that, like a partnership, an LLC is a citizen of every state of which its owners/members are citizens.") What is thus required in the Notice of Removal is an affirmative identification of each member of EFTEC and an affirmative statement as to each member's citizenship.

In order to cure this pleading deficiency, the Court will require EFTEC to file an amended notice of removal that properly alleges the factual bases for diversity jurisdiction. EFTEC is advised that its failure to timely comply with this order shall result

/ / /

/ / /

in the remand of this action without further notice for lack of subject matter jurisdiction. Therefore,

IT IS ORDERED that defendant EFTEC North America, LLC shall file an amended notice of removal properly stating a jurisdictional basis for this action no later than **November 6, 2006.**

DATED this 23rd day of October, 2006.

Paul G. Rosenblatt
United States District Judge